Nick Sage Esq.
Law Offices of Nick Sage
2440 S. Hacienda Blvd, Suite 204
Hacienda Heights, CA 91745
Telephone: (213) 378-6888

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In the Matter of:<br><br>SUN, YINJIE,<br>Petitioner,<br><br>v.<br><br>JAMES JANECKA, Warden, Adelanto ICE Processing Center; THOMAS GILES, Los Angeles Field Office Director, U.S. Immigration and Customs Enforcement; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement MARKWAYNE MULLIN, Secretary of Homeland Security; and TODD BLANCHE, Attorney General of the United States, all in their official capacities<br>Respondents, | **Case No.: 5:26-cv-6992**<br><br>**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28. U.S.C. § 2241 AND SUPPORTING MEMODRANDUM**<br><br>**REQUEST FOR IMMEDIATE RELEASE, NARROWLY TAILORED PROSPECTIVE RELIEF, AND EXPEDITED CONSIDERATION** |

# TABLE OF CONTENTS


**I. INTRODUCTION** ..... - 5 -

**II. JURISDICTION** ..... - 8 -

**III. VENUE** ..... - 8 -

**IV. PARTIES** ..... - 9 -

**V. FACTUAL BACKGROUND** ..... - 10 -

**VI. LEGAL FRAMEWORK AND ADMINISTRATIVE REMEDIES** ..... - 12 -

**a) Federal Courts May Review the Legality of Immigration Detention** ..... - 12 -

**b) 8 U.S.C. § 1231(a); (INA § 241(a)) Governs Detention and Supervision Following a Final Removal Order** ..... - 12 -

**c) A Statutory Stay Prevents Execution of the In-Absentia Removal Order While the Motion to Rescind In-absentia and Reopen Removal Proceedings Remains Pending** - 13 -

**VII. CLAIMS FOR RELIEF** ..... - 14 -

**COUNT ONE** ..... - 14 -

**Unlawful Detention in Violation of the Immigration and Nationality Act (8 U.S.C. §§ 1229a(b)(5)(C), 1231(a)(6); 8 C.F.R. § 1003.23(b)(4)(ii))** ..... - 14 -

**COUNT TWO** ..... - 16 -

**Violation of Substantive and Procedural Due Process** ..... - 16 -

**VIII. PRAYER FOR RELIEF** ..... - 21 -

# TABLE OF AUTHORITIES

## Cases

*Arce v. United States, 899 F.3d 796, 800 (9th Cir. 2018) (per curiam)* ........................- 7 -, - 14 -

*Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985)* ........................................ - 19 -

*Gansukh v. Warden, Adelanto ICE Processing Center, No. ED CV 26-5447-AS, ECF No. 21 (C.D. Cal. Oct. 1, 2026)* ............................................................................- 19 -, - 20 -

*Guardado v. Warden of Adelanto ICE Processing Center*, No. 5:26-cv-04661-DTB, ECF No. 12 (C.D. Cal. Sept. 15, 2026) ...................................................................................... - 20 -

*Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004)* .............................................................. - 18 -

*Hernandez v. Sessions, 872 F.3d 976, 990, 994 (9th Cir. 2017)*.............. - 7 -, - 15 -, - 17 -, - 20 -

*Johnson v. Arteaga-Martinez, 596 U.S. 573, 578–79 (2022)*................................................ - 6 -

*Mathews v. Eldridge, 424 U.S. 319, 335 (1976)*.......................................................- 18 -, - 19 -

*Minuzzi v. Janecka, No. 5:26-cv-06259-AYP, ECF No. 14 (C.D. Cal. Nov. 2, 2026)*..- 7 -, - 14 -, - 15 -, - 18 -, - 20 -

*Nken v. Holder, 556 U.S. 418, 428–29 (2009)* ..........................................................- 7 -, - 14 -

*Zadvydas v. Davis, 533 U.S. 678, 687, 689–91, 693, 699–700 (2001)* - 6 -, - 8 -, - 12 -, - 14 -, - 16 -, - 17 -

*Zinermon v. Burch, 494 U.S. 113, 127 (1990)*............................................................... - 19 -

## Statutes

*28 U.S.C. § 1331* ..........................................................................................- 8 -, - 21 -

*28 U.S.C. § 1391(e)(1)* ........................................................................................... - 8 -

*28 U.S.C. § 2241* .............................................................. - 8 -, - 9 -, - 12 -, - 16 -, - 20 -

*28 U.S.C. § 2241(c)(3)* ........................................................................................... - 8 -

*28 U.S.C. § 2243*..........................................................................................- 8 -, - 21 -

*28 U.S.C. §§ 2242-2243* ......................................................................................... - 7 -

*8 C.F.R. § 1003.23(b)(4)(ii)* ....................................................... - 6 -, - 14 -, - 17 -, - 21 -

*8 C.F.R. § 1241.1(e)*.............................................................................................. - 13 -

8 C.F.R. § 241.4 .......... - 11 -, - 13 -, - 16 -, - 19 -
*8 U.S.C. § 1227(a)(1)(B)* .......... - 16 -
*8 U.S.C. § 1229a(b)(5)(C)* .......... - 13 -, - 14 -, - 17 -
*8 U.S.C. § 1229a(b)(5)(C)(ii)* .......... - 21 -
*8 U.S.C. § 1231(a)(1)* .......... - 17 -
*8 U.S.C. § 1231(a)(1)–(2)* .......... - 12 -
*8 U.S.C. § 1231(a)(1)-(3)* .......... - 6 -
8 U.S.C. § 1231(a)(1)(B) .......... - 12 -
*8 U.S.C. § 1231(a)(1)(C)* .......... - 13 -
*8 U.S.C. § 1231(a)(2)* .......... - 13 -, - 15 -
*8 U.S.C. § 1231(a)(3)* .......... - 13 -
*8 U.S.C. § 1231(a)(6)* .......... - 6 -, - 13 -, - 14 -, - 15 -, - 16 -
*INA § 240(b)(5)(C)* .......... - 6 -
*INA § 240(b)(5)(C)(ii)* .......... - 13 -

**Other Authorities**

General Order 26-05 .......... - 21 -

## I. INTRODUCTION

1. Petitioner Yinjie Sun entered the United States on July 28, 2009 on a B2 visa, and filed her asylum application in January 2010. Her application was referred to the Immigration Court, in which the Respondent was charged with visa overstay. The Immigration Court administratively closed Petitioner's removal proceedings in December 2015. In 2025, the Department of Homeland Security ("DHS") moved to re-calendar the removal proceedings. Petitioner's former attorney failed to notify her of these developments, and Petitioner did not otherwise receive notice of the immigration court hearing. On September 2, 2025, the Immigration Judge entered an in-absentia removal order. Petitioner was not aware of that deportation order.

2. On November 9, 2026, petitioner Yinjie Sun reported to the Immigration and Customs Enforcement ("ICE") office in Santa Ana, California, because ICE asked her to appear. At that appointment, an officer told her that an immigration judge had ordered her removed in her absence on September 2, 2025. This was the first time she learned of the order. ICE arrested her at the Santa Ana office and subsequently transferred her to the East facility of the Adelanto ICE Processing Center, where she remains confined.

3. On November 16, 2026, Petitioner filed a Motion to Rescind the In-Absentia Removal Order and Reopen Removal Proceedings. Among other grounds, the

motion asserts that she did not receive notice of the proceedings or the September 2, 2025 hearing. The motion invokes the automatic statutory stay of removal under *INA § 240(b)(5)(C)* and *8 C.F.R. § 1003.23(b)(4)(ii)*. That stay remains in effect while the Immigration Judge considers the qualifying motion based on lack of notice.

4. This petition asks a question distinct from whether the immigration judge should rescind the removal order: The issue now is whether the government may continue to detain Petitioner when the statutory stay prevents it from executing the removal order and when it must still identify a lawful basis for her continued custody. On the available record, the ordinary 90-day removal period expired in December 2025, almost a year before her arrest. Congress authorized detention beyond that period for specified categories of people. It did not make every person with an unexecuted final order subject to continued detention merely because the order exists. *8 U.S.C. § 1231(a)(1)-(3), 8 U.S.C. § 1231(a)(6)*; *Johnson v. Arteaga-Martinez, 596 U.S. 573, 578–79 (2022).*

5. Under controlling Supreme Court and Ninth Circuit precedent and as recently applied in this District, they cannot. See *Zadvydas v. Davis, 533 U.S. 678, 687, 689–91, 693, 699–700 (2001)* (holding that post-order detention under *8 U.S.C. § 1231(a)(6)* is unauthorized where removal cannot be effectuated and detention no longer bears a reasonable relation to its statutory purpose); *Nken*

*v. Holder, 556 U.S. 418, 428–29 (2009)* (holding that a stay suspends the source of authority to act); *Arce v. United States, 899 F.3d 796, 800 (9th Cir. 2018) (per curiam)* (holding that the government lacks authority to execute a removal order while a stay is in force); *Hernandez v. Sessions, 872 F.3d 976, 990, 994 (9th Cir. 2017)* (holding that immigration detention incidental to removal must bear a reasonable relation to its purpose); *Minuzzi v. Janecka, No. 5:26-cv-06259-AYP, ECF No. 14 (C.D. Cal. Nov. 2, 2026)* (granting habeas relief and ordering immediate release where an automatic statutory stay under *8 U.S.C. § 1229a(b)(5)(C)* barred removal and the government offered no legitimate independent interest for continued detention). The Court should grant the writ and order Petitioner's immediate release.

6. Petitioner requests a prompt return identifying the statutory basis for custody and the portions of the removal and custody records on which the Warden relies. If the only sustained charge was an overstay, and neither an individualized risk determination nor another lawful basis supports detention, she requests release subject to lawful supervision. She does not ask this Court to decide the merits of reopening, stay her removal, or disregard any adverse evidence. Nor does she ask to spend another month in custody while counsel waits for the entire paper file when a few identified records could resolve the question. *28 U.S.C. §§ 2242-2243*.

## II. JURISDICTION

7. This Court has subject-matter jurisdiction under *28 U.S.C. § 2241(c)(3)* because Petitioner is in federal custody allegedly in violation of the Constitution and laws of the United States. *Zadvydas v. Davis, 533 U.S. 678, 687, 689–91, 693, 699–700 (2001)*. The Court also has federal-question jurisdiction under *28 U.S.C. § 1331* over her Fifth Amendment and Administrative Procedure Act ("APA") claims.

8. Under *28 U.S.C. § 2243*, this Court must forthwith grant the writ or issue an order directing Respondents to show cause why the writ should not be granted within three days, unless additional time up to twenty days is allowed for good cause.

9. Petitioner does not ask this Court to review, reverse, or rescind the Immigration Judge's removal order. Petitioner challenges only the legal authority for her continued detention.

## III. VENUE

10. Venue is proper in the Central District of California under *28 U.S.C. §§ 2241* and *28 U.S.C. § 1391(e)(1)* because Petitioner is detained at the Adelanto ICE Processing Center in Adelanto, California, within this District.

## IV. PARTIES

11. Petitioner Yinjie Sun (A087-840-274) is a native and citizen of the People's Republic of China who has resided in Southern California since July 28, 2009. She is currently detained at the Adelanto ICE Processing Center.

12. Respondent James Janecka, Warden and Facility Administrator of the Adelanto ICE Processing Center, is the official responsible for the facility where Petitioner is confined and is her immediate physical custodian within the meaning of *28 U.S.C. § 2241*.

13. Respondent Thomas Giles is the Field Office Director of ICE Enforcement and Removal Operations ("ERO"), Los Angeles Field Office, which oversees custody and detention decisions at Adelanto. He is sued in his official capacity.

14. Respondent David Venturella, is the Acting Director, U.S. Immigration and Customs Enforcement. He is sued in his official capacity.

15. Respondent Markwayne Mullin is the Secretary of the U.S. Department of Homeland Security, which oversees ICE and the enforcement of federal immigration laws. He is sued in his official capacity.

16. Respondent Todd Blanche is the Attorney General of the United States, who exercises supervisory authority over the Department of Justice and the Executive Office for Immigration Review ("EOIR"). He is sued in his official capacity.

17. Petitioner brings this action against Respondents in their official capacities.

## V. FACTUAL BACKGROUND

18. Petitioner entered the United States on or about July 28, 2009, with a B-2 non-immigrant visa. In January 2010, Petitioner timely applied for asylum. Her application was subsequently referred to the immigration court and she was placed in removal proceedings. She retained attorney Eric Simonsen to represent her.

19. In May 2018, Petitioner moved from San Diego to Irvine. She states that she notified Mr. Simonsen's office of her new address. She continued using the same telephone number she had used since 2010, and her email remained in use. Because counsel had her contact information and had not told her that he had withdrawn, she believed he would notify her of developments.

20. On or about May 12, 2025, DHS moved to re-calendar Petitioner's proceedings. Former counsel Eric Simonsen never informed Petitioner that her case had been reopened or that a hearing was scheduled. Having received no actual or constructive notice, Petitioner did not appear, and on September 2, 2025, the Immigration Judge ordered her removed in absentia. Petitioner was not aware of that removal order until she was called in to report at the ICE office for the first time November 9, 2026, more than fourteen months after the in-absentia order was entered.

21. One the above date, Petitioner voluntarily appeared at the ICE office in Santa Ana, California. Rather than allowing her to address her case, ICE officers informed her of the September 2, 2025 removal order, arrested her, and transferred her to Adelanto.

22. The ICE officer also informed Petitioner that the Immigration Court had contacted Mr. Simonsen's office before the September 2025 hearing and that the latter denied representing her. Petitioner had never been informed that counsel had withdrawn and had not knowingly authorized the termination of his representation.

23. On November 16, 2026, through present counsel, Ms. Sun filed a motion to rescind the in-absentia order and reopen the proceedings, alleging among other things that she did not receive the required hearing notice. The motion is currently pending before the San Diego Immigration Court.

24. Respondents have not conducted an individualized custody review for Petitioner under 8 C.F.R. § 241.4, nor have they articulated any flight risk or danger to the community justifying Petitioner's confinement.

25. Petitioner is engaged to Stanley Yu, a United States citizen. If released, she proposes to reside in Irvine, California and to comply with reporting and address-update requirements. Mr. Yu offers her housing and transportation and intends to marry her upon her release or at the earliest possible opportunity.

## VI. LEGAL FRAMEWORK AND ADMINISTRATIVE REMEDIES

### a) Federal Courts May Review the Legality of Immigration Detention

26. The writ of habeas corpus protects individuals from unlawful physical restraint by the government. *28 U.S.C. § 2241* authorizes federal courts to examine whether a person's detention violates the Constitution or laws of the United States.

27. The Supreme Court has recognized that freedom from government custody is a fundamental liberty interest. *Zadvydas v. Davis, 533 U.S. 678, 687, 689–91, 693, 699–700 (2001)*. The Fifth Amendment's Due Process Clause protects all persons within the United States, including noncitizens whose presence may be unlawful. *Id.* at 693.

28. This Court therefore has authority to examine whether Respondents possess statutory authority to detain Petitioner and whether her continued confinement remains consistent with the limits imposed by the INA and the Constitution.

### b) 8 U.S.C. § 1231(a); (INA § 241(a)) Governs Detention and Supervision Following a Final Removal Order

29. Under *8 U.S.C. § 1231(a)(1)–(2)*, the government is afforded a 90-day "removal period" beginning on the statutory trigger dates in *8 U.S.C. § 1231(a)(1)(B)*, such as the date an in-absentia removal order becomes

administratively final under *8 C.F.R. § 1241.1(e)*—during which detention is mandated solely to carry out removal.

30. Once the 90-day removal period expires without removal having occurred, and absent statutory suspension or extension under *8 U.S.C. § 1231(a)(1)(C)*, mandatory detention authority under *8 U.S.C. § 1231(a)(2)* terminates. Thereafter, a noncitizen may not be held under *8 U.S.C. § 1231(a)(2)* and is subject only to supervision under *8 U.S.C. § 1231(a)(3)*, or—only if within a covered statutory category and following the mandatory custody-review procedures of 8 C.F.R. § 241.4—discretionary post-removal-period detention under *8 U.S.C. § 1231(a)(6)*.

**c) A Statutory Stay Prevents Execution of the In-Absentia Removal Order While the Motion to Rescind In-absentia and Reopen Removal Proceedings Remains Pending**

31. Under *INA § 240(b)(5)(C)(ii)*, a noncitizen who did not receive required hearing notice may move to reopen and rescind an in-absentia removal order at any time. Congress mandated that "[t]he filing of the motion to reopen described in clause (i) or (ii) shall stay the removal of the alien pending disposition of the motion by the immigration judge." *8 U.S.C. § 1229a(b)(5)(C)*.

32. A stay "temporarily suspend[s] the source of authority to act." *Nken v. Holder, 556 U.S. 418, 428–29 (2009)*. When a stay of removal is in force, the government "lack[s] the authority to execute the removal order." *Arce v. United States, 899 F.3d 796, 800 (9th Cir. 2018) (per curiam).*

## VII. CLAIMS FOR RELIEF

### COUNT ONE

### Unlawful Detention in Violation of the Immigration and Nationality Act

### (8 U.S.C. §§ 1229a(b)(5)(C), 1231(a)(6); 8 C.F.R. § 1003.23(b)(4)(ii))

33. Petitioner realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

34. Petitioner's November 16, 2026 Motion to Rescind and Reopen automatically stayed her removal order under *8 U.S.C. § 1229a(b)(5)(C)* and *8 C.F.R. § 1003.23(b)(4)(ii)*. Because Respondents are legally barred from executing her removal while the stay remains in effect, her continued detention bears no reasonable relation to effectuating removal and exceeds Respondents' statutory authority under *8 U.S.C. § 1231(a)(6)* and *Zadvydas v. Davis, 533 U.S. 678, 687, 689–91, 693, 699–700 (2001)*; *Minuzzi v. Janecka, No. 5:26-cv-06259-AYP, ECF No. 14 (C.D. Cal. Nov. 2, 2026).*

35. Under *Zadvydas v. Davis, 533 U.S. 678, 687, 689–91, 693, 699–700 (2001)*, post-order detention exists solely to secure a noncitizen's presence for

removal and to protect the community; where "detention's goal is no longer practically attainable, detention no longer 'bear[s] [a] reasonable relation to the purpose for which the individual [was] committed'" and is unauthorized by statute. Likewise, the Ninth Circuit holds that "any [immigration] detention incidental to removal must bear a reasonable relation to its purpose." See *Hernandez v. Sessions, 872 F.3d 976, 990, 994 (9th Cir. 2017)*; *Minuzzi v. Janecka, No. 5:26-cv-06259-AYP, ECF No. 14 (C.D. Cal. Nov. 2, 2026).*

36. Here, mandatory detention under *8 U.S.C. § 1231(a)(2)* has long lapsed with the expiration of the 90-day removal period, and Respondents now detain Petitioner to execute her removal order. Because Petitioner's motion to rescind and reopen automatically stays that removal order until the Immigration Judge adjudicates her motion, removal cannot lawfully be carried out—and the government has no legitimate interest in detaining an individual who cannot be removed—severing any reasonable relation between Petitioner's ongoing custody and its statutory purpose under *8 U.S.C. § 1231(a)(6)*. See *Minuzzi v. Janecka, No. 5:26-cv-06259-AYP, ECF No. 14 (C.D. Cal. Nov. 2, 2026)* (granting habeas relief where a pending motion to reopen stayed removal and deprived post-order detention of a reasonable relation to its statutory purpose).

37. Moreover, even apart from the stay, post-removal-period detention under *8 U.S.C. § 1231(a)(6)* is restricted to specific categories designated by Congress, and Respondents bear the burden of proving that Petitioner falls within one. Because the sole charge sustained against Petitioner was *8 U.S.C. § 1227(a)(1)(B)*, and Respondents have made no qualifying determination under *8 C.F.R. § 241.4* that she poses a danger to the community or a flight risk, *8 U.S.C. § 1231(a)(6)* provides no independent basis to hold her.

38. Accordingly, since Respondents lack both legal authorities to execute removal and any valid statutory basis for continued custody, Petitioner's ongoing detention violates the Immigration and Nationality Act and constitutes unlawful detention entitling her to immediate release under *28 U.S.C. § 2241*.

**COUNT TWO**

**Violation of Substantive and Procedural Due Process**

39. Petitioner realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

40. The Due Process Clause of the Fifth Amendment protects all persons within the United States from deprivation of liberty without due process of law. *Zadvydas v. Davis, 533 U.S. 678, 687, 689–91, 693, 699–700 (2001).*

41. Petitioner lawfully entered the United States on a B-2 visa in July 2009, timely applied for asylum in January 2010, and had her removal proceedings

administratively closed in December 2015. Because of lack of notice and former counsel's ineffective assistance, Petitioner had no knowledge of the September 2, 2025 in absentia removal order until she voluntarily reported to ICE's Santa Ana office on November 9, 2026, more or less eleven months after the 90-day removal period under *8 U.S.C. § 1231(a)(1)* had already expired. Respondents nevertheless arrested Petitioner without prior notice and continue to detain her without any individualized custody determination.

42. Respondents' ongoing confinement of Petitioner violates substantive due process under the Fifth Amendment. Civil immigration detention is constitutionally permissible only when it bears a "reasonable relation to the purpose for which the individual [was] committed"—namely, securing a noncitizen's presence for removal or protecting the community—and is supported by a legitimate government interest. *Zadvydas v. Davis, 533 U.S. 678, 687, 689–91, 693, 699–700 (2001)*; see also *Hernandez v. Sessions, 872 F.3d 976, 990, 994 (9th Cir. 2017)* (holding that immigration detention incidental to removal must bear a reasonable relation to its purpose).

43. Neither statutory justification exists here because Petitioner's removal is legally barred by the automatic statutory stay triggered upon filing her Motion to Rescind and Reopen under *8 U.S.C. § 1229a(b)(5)(C)* and *8 C.F.R. § 1003.23(b)(4)(ii)*, and her seventeen-year peaceful residence in California,

complete absence of any criminal record, strong community ties, and voluntary appearance at ICE's request confirm that she poses neither a flight risk nor a danger to the community. Detaining a compliant, non-dangerous asylum applicant who cannot lawfully be deported is unconstitutionally arbitrary. See *Minuzzi v. Janecka, No. 5:26-cv-06259-AYP, ECF No. 14 (C.D. Cal. Nov. 2, 2026)* (granting habeas relief and ordering immediate release where the government lacked a legitimate interest in detaining a petitioner who could not be removed).

44. Respondents' detention of Petitioner independently violates procedural due process under the three-factor balancing test of *Mathews v. Eldridge, 424 U.S. 319, 335 (1976)*, which weighs: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest through the procedures used and the probable value of additional safeguards; and (3) the government's interest, including the fiscal and administrative burdens of additional procedures.

45. First, Petitioner's private interest—freedom from physical incarceration—is "the most elemental of liberty interests." *Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004)*. Having lived openly and peacefully in the United States for over seventeen years while pursuing asylum and building a life and small business with her U.S.-citizen fiancé, Petitioner possesses a weighty, constitutionally protected liberty interest against arbitrary confinement—an interest that is

neither extinguished nor diminished by the fact that she was previously at liberty rather than released on formal bond. See *Gansukh v. Warden, Adelanto ICE Processing Center, No. ED CV 26-5447-AS, ECF No. 21 (C.D. Cal. Oct. 1, 2026).*

46. Second, arresting and holding Petitioner without pre-deprivation notice, an individualized custody determination, or a custody review under *8 C.F.R. § 241.4* creates an acute risk of erroneous deprivation. "[T]he root requirement" of due process is that an individual be given notice and an opportunity for a hearing before being deprived of a significant liberty interest. *Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985)*; see also *Zinermon v. Burch, 494 U.S. 113, 127 (1990).* Because Respondents detained Petitioner on the basis of an in-absentia order without affording her any forum to present her uncontradicted evidence—including her sixteen-year use of the same telephone number and email address, her address update to prior counsel, and her voluntary appearance at ICE—she has been deprived of liberty without any individualized inquiry into flight risk or danger. Basic notice and an individualized custody hearing would immediately prevent such erroneous detention. See *Mathews v. Eldridge, 424 U.S. 319, 335 (1976)*; *Gansukh v. Warden, Adelanto ICE Processing Center, No. ED CV 26-5447-AS, ECF No. 21 (C.D. Cal. Oct. 1, 2026).*

47. Third, the government's legitimate interest in ensuring compliance imposes minimal burden here, as Petitioner has already shown her willingness to appear voluntarily when notified and cannot lawfully be deported while her motion to reopen remains pending. See *Hernandez v. Sessions, 872 F.3d 976, 990, 994 (9th Cir. 2017)* (recognizing that the government has no legitimate interest in bearing the substantial financial and human costs of unnecessary detention).

48. Because Respondents' ongoing confinement of Petitioner violates both the substantive and procedural guarantees of the Fifth Amendment Due Process Clause, which was unlawful from its inception, Petitioner is entitled to a writ of habeas corpus ordering her immediate release under *28 U.S.C. § 2241*, or, in the alternative, an individualized bond hearing before an Immigration Judge at the earliest possible time. See *Minuzzi v. Janecka, No. 5:26-cv-06259-AYP, ECF No. 14 (C.D. Cal. Nov. 2, 2026)*; *Gansukh v. Warden, Adelanto ICE Processing Center, No. ED CV 26-5447-AS, ECF No. 21 (C.D. Cal. Oct. 1, 2026)*; *Guardado v. Warden of Adelanto ICE Processing Center*, No. 5:26-cv-04661-DTB, ECF No. 12 (C.D. Cal. Sept. 15, 2026).

## VIII. PRAYER FOR RELIEF

WHEREFORE, Petitioner Yinjie Sun respectfully requests that this Court:

1. Assume jurisdiction over this action pursuant to *28 U.S.C. §§ 2241 and 28 U.S.C. § 1331* and issue an expedited briefing schedule pursuant to General Order 26-05 and *28 U.S.C. § 2243;*
2. Declare that Petitioner's removal is automatically stayed pursuant to *8 U.S.C. § 1229a(b)(5)(C)(ii)* and *8 C.F.R. § 1003.23(b)(4)(ii)* pending disposition of her Motion to Rescind In-Absentia Removal Order and Reopen Removal Proceedings, and that her continued detention violates the Immigration and Nationality Act, the Fifth Amendment Due Process Clause, and the Administrative Procedure Act;
3. Issue a Writ of Habeas Corpus ordering Respondents to immediately release Petitioner Yinjie Sun from custody at the Adelanto ICE Processing Center under reasonable conditions of supervision;
4. Enjoin Respondents from transferring Petitioner outside the Central District of California while this action is pending and from re-detaining Petitioner absent strict compliance with due process and all applicable statutes and regulations;
5. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Date: November 20, 2026



Nick Sage
Attorney for Petitioner

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Petitioner Sun, Yinjie, certifies that this petition and supporting memorandum contains 4241 words, excluding the caption, tables of contents and authorities, signature blocks, this certificate, and indices and exhibits, and complies with the word limit of L.R. 11-6.1.

Date: November 20, 2026

Nick Sage
Attorney for Petitioner

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242 AND LOCAL RULE 83-16.2

I, Nick Sage, declare as follows:

1. I am an attorney at law licensed to practice before this Court and represent Petitioner Yinjie Sun in this habeas corpus proceeding.
2. I am submitting this verification on behalf of Petitioner pursuant to 28 U.S.C. § 2242 and Local Rule 83-16.2 because Petitioner is currently detained in ICE custody at the Adelanto ICE Processing Center in Adelanto, California, and cannot practically sign this Petition in person.
3. The facts alleged in this Petition are based on my personal review of Petitioner's immigration court records, her signed declaration dated November 13, 2026, and her Motion to Rescind and Reopen filed November 16, 2026. Based on those sources, I verify under penalty of perjury that the factual statements in this Petition are true and correct to the best of my knowledge.

Executed on November 20, 2026, at Hacienda Heights, California.

Nick Sage
Attorney for Petitioner